UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREG LASKOWSKI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    No. 3:05 CV 502 |
| | ) |
| DOROTHY SNYDER, et al., | ) |
| | ) |
|     Defendants. | ) |

## OPINION and ORDER

Presently before the court is defendants' motion for summary judgment (docket # 6) and defendants' supporting memorandum thereto (docket # 7). For the following reasons defendants' motion is **DENIED**.

## I. BACKGROUND

Plaintiff, Greg Laskowski, brought this action pursuant to 42 U.S.C. § 1983. The defendants are Dorothy Snyder and the Town of Roseland, Indiana (collectively "defendants"). Plaintiff's claims arise out of events that occurred at a July 21, 2005 Roseland town council meeting. The Roseland town council is a three-person council that serves as the legislative and executive bodies for Roseland. The town council holds its meetings in the Roseland town hall. The meetings are open to the public, and those in attendance often ask the questions of and provide comment to council members. Plaintiff, who owns a business in Roseland, attended the July 21, 2005 Roseland town council meeting. Dorothy Snyder, who was at that time president of the town council,

was present at the meeting, along with several members of the public and the other two town council members - David Snyder (Dorothy Snyder's husband) and Charles Shields. Shortly after making an initial call to order at the meeting, Dorothy Snyder announced "this is a business meeting; everyone is required to be business-like, courteous and civil," and warned that those who were not "civil, courteous, and polite" would not be allowed to stay at the meeting. In response, plaintiff questioned, "does that include the board?" Dorothy Snyder then declared plaintiff "out of order," and instructed the sergeant-at-arms, Larry Miller, to remove plaintiff from the meeting. Miller then spoke with plaintiff briefly requesting that he leave. Plaintiff resisted for some time, but eventually left the meeting. (Defs.' Exh. A.)

Plaintiff claims that by having plaintiff removed, (1) "Snyder violated [plaintiff's] constitutionally secured rights to observe and participate in the government of Roseland" and (2) "Roseland exercised a policy of removing individuals who disagree with the decisions of [] Snyder and her husband, David Snyder, from public meetings of the Town Council," in violation of plaintiff's constitutional rights. (Compl. ¶¶ 11, 13-14.) Defendants have moved for summary judgment, arguing that to the extent plaintiff is making a claim under the First Amendment, that claim should be dismissed because defendants' actions comported with First Amendment requirements for public meetings.[1] (Defs.' Memo. at 4.)

---

[1]Defendants devote a small section of their Memorandum to the additional argument that although plaintiff's complaint alleges that his removal occurred *before* the meeting had been called to order, the evidence shows that he was ordered removed

2

**II. LEGAL STANDARD**

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923, 111 S. Ct. 1317, 113 L. Ed. 2d 250 (1991). FEDERAL RULE OF CIVIL PROCEDURE 56(a) provides that "[a] party seeking to recover upon a claim....may....move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." FED. R. CIV. P. 56(a).

Motions for summary judgment are governed by FED. R. CIV. P. 56(c), which states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving

---

*after* the meeting had been called to order. Defendants argue that plaintiff's allegation that he was removed prior to the start of the meeting "must fail" but do not argue that any claims should be dismissed on this ground. (Defs.' Memo. at 4.)

party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). It is well settled that summary judgment under FED. R. CIV. P. 56 should be granted "only where it is perfectly clear that there is no dispute about either the facts of the controversy or the inferences to be drawn from such facts." *Cent. Nat'l Life Ins. Co. v. Fid. & Deposit Co. of Md.*, 626 F.2d 537, 539-540 (7th Cir. 1980) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**II.  ANALYSIS**

The First Amendment provides in part that "Congress shall make no law . . . abridging the freedom of speech . . ." U.S. Const. Amend. I. The First Amendment's freedom of speech protection is applicable to states by virtue of the Fourteenth Amendment due process clause. *Gitlow v. New York*, 268 U.S. 652 (1925); *Edwards v. South* Carolina, 372 U.S. 229, 235 (7th Cir. 1963). In the context of the First Amendment, the extent to which the government can control access to its property depends on the nature of that property - specifically whether it is a public forum or nonpublic forum. *DeBoer v. Village of Oak Park*, 267 F.3d 558, 565 (7th Cir. 2001); *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985)). Public forums exist by tradition or designation. *Capitol Square Review and Advisory Bd. v. Pinette*, 132 L.Ed. 2d 650 (1995); *Grossbaum v. Indianapolis-Marion County Bldg. Auth.*, 100 F.3d 1287, 1296 (7th Cir. 1996). Traditional public forums are "streets and parks which 'have immemorially been held

4

in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions.'" *Perry Educ. Ass'n. v. Perry Local Educators' Ass'n.*, 460 U.S. 37, 45 (1983) (quoting *Hague v. CIO*, 307 U.S. 496, 515 (1939)). Designated public forums include "public property which the State has opened for use by the public as a place for expressive activity." *Perry Educ. Ass'n*, 460 U.S. at 45-46. All remaining government properties are considered "nonpublic." *Id*. A government decision to exclude a speaker from a traditional or designated public forum is subject to strict scrutiny. *Ark. Educ. Telev. Comm'n v. Forbes*, 523 U.S. 666, 677 (1998) (citations omitted). That is, the government may not exclude a speaker from a public forum unless it is "necessary to serve a compelling state interest and the exclusion is narrowly drawn to achieve that interest." *Cornelius*, 473 U.S. at 802; *Ark. Educ. Telev. Comm'n*, 523 U.S. at 677; *United States v. Playboy Entm't Group, Inc.*, 529 U.S. 803, 813 (2000). The government may restrict access to nonpublic properties so long as the restrictions are reasonable and are not made in order to suppress expression. *Ark. Educ. Telev. Comm'n*, 523 U.S. at 677; *Perry Educ. Ass'n*, 460 U.S. at 46.

By opening its meetings to the general public for participation and discussion of matters of public concern, the Roseland town council creates a designated public forum. *Id*. at 45; *see Jones v. Heyman,* 888 F.2d 1328, 1331 (11th Cir. 1989) (finding city commission created public forum by opening meeting to public and permitting public discourse on agenda items); *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 281 (3d Cir. 2004) (applying public forum analysis to township official's regulation of speech at public

5

meeting); *White v. Norwalk*, 900 F.2d 1421, 1425-26 (9th Cir. 1990) (noting that meetings "where the public is afforded the opportunity to address the [city] Council" are regarded as public forums partly because citizens have "an enormous first amendment interest in directing speech about public issues to those who govern their city."). The ordered removal of plaintiff from the July 21, 2005 Roseland town council meeting must therefore have been both necessary to serve a compelling state interest, and narrowly tailored to serve that interest.

Defendants contend that when plaintiff posed his question to Dorothy Snyder, he "yelled at the members of the board without being recognized by the chair," and as a result of this "outburst" those in attendance at the meeting became "unruly." (Defs.' Memo. at 5.) Defendants argue that plaintiff's behavior was "disruptive" and as such the council removed him[2] "in furtherance of a legitimate governmental interest in conducting the meeting in an orderly fashion." (Defs.' Memo. at 6.) While the Roseland town council may have had a compelling interest in conducting an orderly and efficient meeting,[3] there is a genuine issue of material fact as to whether plaintiff's removal from

---

[2] Although the evidence shows that plaintiff ultimately left the meeting on his own, as the sergeant-at-arms' attempts to remove plaintiff were unsuccessful, this does not make a difference for the purposes of First Amendment analysis, where plaintiff was ordered removed and defendants in fact attempted to remove him. *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (finding that the threat of a sanction itself may result in injury to First Amendment rights, as it may deter a citizen from exercising his First Amendment rights "almost as potently as the actual application of sanctions") (citing *NAACP v. Button*, 371 U.S. 415, 433 (1963).

[3] Other courts have concluded similarly. *See e.g. Rowe v. City of Cocoa*, 358 F.3d 800, 803 (11th Cir. 2004) ("There is a significant governmental interest in conducting

the meeting was necessary to serve that interest. From video footage of the meeting plaintiff's question does not appear to have caused any notable disruption to the meeting or reaction by crowd members. Rather, it appears that any crowd agitation may have resulted from Dorothy Snyder's order to have plaintiff removed from the meeting - the crowd became noticeably louder immediately following the order, and attendees can be heard warning the council that they "can't do that" because plaintiff had a first amendment right to be at the meeting, and pleading with Larry Miller not to comply with the order to remove plaintiff. (Defs.' Exh. A.) A factfinder, viewing the parties' conduct and the circumstances surrounding plaintiff's removal as shown in the videotape, could reasonably conclude that plaintiff did not cause the crowd at the town council to become "unruly" or otherwise disrupt the meeting, and that therefore it was not necessary to remove him for this reason or in the interest of maintaining order and promoting efficiency at the meeting. Citizens have a tremendous First Amendment right to participate in public meetings, and a state actor may not exclude a citizen from such a meeting unless the exclusion is necessary to serve a compelling interest. There remains a material issue of fact as to whether plaintiff's exclusion from the Roseland

---

orderly, efficient meetings of public bodies."); *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984) (noting that informal time restriction at public hearing which prevented plaintiff from reading aloud all his prepared text could be said "to have served a significant governmental interest in conserving time"); *Jones v. Heyman*, 888 F.2d 1328, 1333 (finding mayor's interest in controlling the agenda and preventing the disruption of public meeting "sufficient to satisfy governmental interest prong of the [first amendment] analysis.").

town council meeting was necessary, and defendants' motion for summary judgment is therefore denied.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (docket # 6) is **DENIED**.

**ENTER:** January 10, 2007

**SO ORDERED**.

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT